**CORBIS CORPORATION, INC.,**
**a Washington corporation,**
**Plaintiff—Appellant,**

v.

**ST. PAUL FIRE & MARINE INSURANCE COMPANY, a foreign corporation, Defendant—Appellee.**

No. 03–35964.
D.C. No. CV–03–00779–FDB.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 11, 2005.

Decided March 2, 2005.

---

John D. Ostrander, William A. Drew, Karen Wetherell Davis, Elliott Ostrander & Preston, Portland, OR, for Plaintiff–Appellant.

Joseph D. Hampton, Stephanie Scheier Andersen, Gordon & Polscer, Seattle, WA, for Defendant–Appellee.

Before McKAY,* O'SCANNLAIN, and BEA, Circuit Judges.

## MEMORANDUM**

In this diversity case, Corbis Corp. appeals the district court's grant of summary judgment to St. Paul Fire & Marine Insurance Co. and its concomitant denial of Corbis's own motion for partial summary judgment. We have jurisdiction under 28 U.S.C. § 1291. We review *de novo* both the grant and the denial of summary judgment, *see Padfield v. AIG Life Ins. Co.,* 290 F.3d 1121, 1124 (9th Cir.2002), and we affirm.[1]

### I

As the facts are known to the parties, we do not recite them here except as necessary to our disposition. Corbis argues that St. Paul was obligated to provide its legal defense in two lawsuits brought against it by third parties. Under Wash-

---

* The Honorable Monroe G. McKay, Senior United States Circuit Judge for the Tenth Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. The denial of summary judgment is ordinarily not a final order and hence unappealable, but we will review such an order when, as here, it is coupled with a grant of summary judgment to the opposing party. *Padfield,* 290 F.3d at 1124.

ington law, an insurer has a duty to provide a legal defense for its insured whenever "a complaint against the insured, construed liberally, alleges facts which could, if proven, impose liability upon the insured within the policy's coverage." *Truck Ins. Exch. v. Vanport Homes, Inc.,* 147 Wash.2d 751, 58 P.3d 276, 281–82 (2002). The insurer may deny the defense "[o]nly if the alleged claim is clearly not covered by the policy," *id.* at 282, and may not rely on facts extrinsic to the complaint to deny a defense, *see id.* The insurer must examine each claim within a complaint individually to determine whether it must provide a defense for that claim, *see Waite v. Aetna Cas. & Sur. Co.,* 77 Wash.2d 850, 467 P.2d 847, 855 (1970), and so we too must consider each claim individually.

## II

It is clear from the face of the *Garsen* complaint that each of the five claims it asserts against Corbis arises out of an alleged incident in which Corbis obtained a photograph of Bernard Garsen, made the image available on its website and CD–ROMs, and sold the image to a company which used it in an advertisement for pornographic materials. It is equally clear from the face of the *Cervantes* complaint that each of its seven claims arises from an alleged incident in which Corbis created digital images of the plaintiffs' murals and artwork and offered those images for sale on its website.

The activity alleged in the *Garsen* and *Cervantes* complaints constitutes "publishing," which the policy defines as "creating and producing any material in an electronic or printed format for distribution or sale to others for any purpose." Just as a book

publisher takes an author's text and from it creates a physical book, Corbis takes preexisting artwork and pictures and from them "create[s]" and "produce[s]" digital images. These images, available either on Corbis's website or on the CD–ROMs it sells, are "material in an electronic ... format for distribution or sale to others."

## III

Because liability arising from publishing activity is clearly not covered under Corbis's insurance policy, St. Paul was not obligated to provide Corbis's legal defense.

**AFFIRMED.**